BAMFORD *et al. v.* LEHIGH ZINC & IRON Co.

*(Circuit Court, S. D. New York.* September 30, 1887.)

1. MINES AND MINING—LEASE—CONSTRUCTION—ANNUAL RENT.

A lease of a mine and concentrating works was upon a specified royalty per ton for ore mined, and a specified royalty per ton for ore concentrated, payable annually, but in case the royalty in any one year fell below $1,000, then such a sum was to be paid as to make the annual rent of that year amount to $1,000. *Held,* that the lease intended that payment of the minimum rent of $1,000 should be made annually, and should not be postponed to the end of the term.

2. SAME—ACTION FOR RENT—FAILURE OF CONSIDERATION.

Defendant took a lease of disused concentrating works, and of a disused mine, the history of which was well known to the metallurgists of the vicinity, and to defendant. Defendant was to search for, dig, mine, and carry away ores, and was to pay a royalty per ton for ores mined upon the premises, and a royalty per ton for concentrating the same, and a different royalty for concentrating ores mined elsewhere; but in case the royalty fell below $1,000 in any year, such a sum was to be paid as to make the rent for that year $1,000. *Held,* that the case showed that defendant was to pay for the specified term at least $1,000 per annum for the privilege of taking the property and experimenting with it, and that, in an action for rent, a refusal to charge that from the almost entire absence of ore in the mine the consideration of the agreement failed, and plaintiff could not recover, was not error.

3. SAME — FALSE REPRESENTATIONS — SILENCE OF COMPLAINING PARTY — PRESUMPTION.

In an action for rent upon a lease of a mine, in which defendant set up false representations as to the value of the mine, and of the existence of ore

there, a charge that defendant's silence in regard to the alleged fraud for a long period before the commencement of the action was evidence that the fraud had not been committed, or that it was far less violent and important than it is represented to be when silence is broken, is not error.

4. SAME—EVIDENCE—HARMLESS ERROR.

In an action for rent upon a lease of a mine and concentrating works, the exclusion of testimony as to the condition of the works at the date of the lease and the amount of money paid to put them in repair, offered for the purpose of showing the amount of defendant's damages arising from plaintiff's alleged misrepresentations in regard to the mine, is unimportant where the jury find that there were no misrepresentations.

5. DEPOSITION—OBJECTIONS—HEARSAY.

An objection to all of a specified portion of a deposition, on the ground that it is entirely hearsay, is properly overruled when a portion is not derived from hearsay, but from personal knowledge.

At Law.    Motion for a new trial in an action upon a lease for rent.

The plaintiffs, Charles Bamford and another, leased to the defendant, by written lease executed by both parties, for a term of 10 years, a disused zinc mine and concentrating works, which the plaintiffs owned and had worked, upon a specified royalty per ton for ore mined, and a specified royalty per ton for ore concentrated, payable annually, but, in case the royalty in any year fell below $1,000, then such a sum was to be paid as to make the annual rent for that year amount to $1,000. The defendant, after pumping out the water in the mine, expended considerable money in further fruitless exploration, concluded that the mine was substantially destitute of ore, abandoned work, and did not pay the annual rent. In a suit by the lessors for three years' rent, the defense was their material false representations, made prior to the execution of the lease, as to the value of the mine and the existence of ore therein, upon which representations the lessees relied. This question of fact turned upon the point whether the statements, if any were made, were representations of existing facts, or were expressions of opinion and belief in regard to a disused mine, the history of which was well known to the defendant, and whether it took the lease as an experiment, the result of which was known to be doubtful. The defendant also claimed, as matter of law, that the suit was prematurely brought, and that no action could be maintained, under the lease, for the minimum rent until the end of the term, and that, the consideration for the contract having failed, the plaintiffs could not recover. The jury found for plaintiffs, and defendant moves for a new trial.

*L. A. Fuller*, for plaintiffs.

*Sidney Ward,* for defendant.

SHIPMAN, J.    This is a motion for a new trial in an action at law upon a written lease to recover rent. I will state, with great brevity only, my reasons for a denial of the motion.

1. The action was not prematurely brought, because the lease evidently intended that payment of the minimum rent of $1,000 should be made annually, and should not be postponed to the end of the term.

2. The question of the propriety of the exclusion of the testimony in regard to the condition of the concentrating works at the date of the lease,

and in regard to the amount of money paid to put them in repair, is unimportant, because the testimony was offered for the purpose of showing the amount of the defendant's damages arising from the alleged misrepresentations of the plaintiffs in regard to the mine, and the jury found that there were no misrepresentations upon which the defendant relied.

3. The defendant objected to all the portion of the deposition of Charles Bamford "which related to the condition of the mine," upon the ground that it was entirely hearsay. The objection was properly overruled, because a portion of the testimony was not derived from hearsay, but from personal knowledge.

4. The charge of the court, respecting inferences from the silence of a defendant, in regard to an alleged fraud, for a long period before the commencement of a suit, did not say that such silence was a concession or an admission that misrepresentations had not been made, but that it was evidence—that is, some evidence—that the fraud had not been committed, or that it was far less violent and important than it is represented to be when silence is broken. In view of the strong probabilities that, when a lessee is conscious of having been defrauded, he will mention to the lessor the fact, and the injurious consequences which have resulted, if he proposes to resist payment of rent upon that account, the charge was not unjust to the defendant.

5. The requests of the defendant to charge that it was immaterial whether the owner of the mine knew the incorrectness of his alleged misrepresentations, were complied with.

6. The court properly did not comply with the defendant's requests to charge, in substance, that, from the absence of, or the almost entire absence of, ore in the mine, the consideration upon which its agreement was based had failed, and the plaintiffs could not recover. There is no implied contract in a lease of land that it is fit for the purposes for which it is let, neither is there any implied warranty in a lease of a mine that it contains the mineral which is supposed to be in it. In the absence of a special contract, or of misrepresentation or fraud, or of the injurious and wrongful acts or omissions of the landlord, a tenant of land or unfurnished buildings cannot properly refuse to pay rent on the ground that the land was, or became, unfit for the purposes for which it was taken, or the buildings became untenantable. *Sutton* v. *Temple,* 12 Mees. & W. 52; *Hart* v. *Windsor,* Id. 68; *Foster* v. *Peyser,* 9 Cush. 242; *Dutton* v. *Gerrish,* Id. 89; *Cleves* v. *Willoughby,* 7 Hill, 83; *Harlan* v. *Lehigh Co.,* 35 Pa. St. 287; *Minor* v. *Sharon,* 112 Mass. 477.

These being well-understood principles, the defendant does not place its defense exactly upon the grounds that it had no beneficial occupation of the premises, but it says that the consideration for its agreement has entirely failed. I shall not go into the question whether there is any real difference between those modes of expression, because, from the whole testimony, and from the lease, it appears that the consideration for its agreement did not fail. It took a lease of disused concentrating works, which had cost a large amount of money, and of an old well-known, formerly worked, and then disused zinc mine, flooded with water, the gen-

eral history of which was well known to the metallurgists of that vicinity, and to the defendant. It was to search for, dig, mine, and carry away ores, and was to pay a royalty per ton for concentrating ores mined upon the premises, a different royalty for concentrating ores brought from other estates, and a royalty of $1.50 per ton upon ores mined upon the premises; but, in case the royalty according to the rates fell below $1,000 in any year, then such a sum should be paid as to make the rent for the year amount to $1,000. The whole case shows that it was to pay for the specified term at least $1,000 per annum for the rights or privileges of taking this abandoned mine or property and making a new experiment with it. The motive for the contract was the hope of benefit which might arise to the defendant from the venture. The consideration for the undertaking to pay at least the sum of $1,000 annually, was the use of a mining property and works of large cost and of doubtful value, but which might become of profit, and it received what it contracted for.

7. The jury, by their verdict, correctly construed the nature of the representations which Mr. Bamford made.

The motion for a new trial is denied.