AMERICAN EXP. CO. et al. v. LANKFORD.

(Circuit Court of Appeals, Eighth Circuit.   April 3, 1899.)

No. 1,115.

1. UNITED STATES COMMISSIONERS IN INDIAN TERRITORY—JURISDICTION.
  1 Sand. & H. Dig. Ark. § 4317, provides that justices of the peace shall have concurrent jurisdiction with the circuit court in matters of contract where the amount in controversy does not exceed $300; and United States commissioners in Indian Territory have the same jurisdiction as justices of the peace in Arkansas. *Held*, that an action to recover the value of goods lost through the negligence of a carrier was an action for breach of contract, and hence a United States commissioner of Indian Territory had jurisdiction thereof, the amount claimed not exceeding the statutory limit.

2. WITNESSES—HUSBAND AND WIFE—COMPETENCY.
  Under Sand. & H. Dig. Ark. § 2916, declaring that a husband shall be allowed to testify for his wife in any business transacted as her agent, a husband acting as his wife's agent in the shipment of goods was competent to testify in an action against a carrier by the wife for their loss.

3. TRIAL—MOTION TO STRIKE—EVIDENCE.
  Where part of a witness' testimony is competent, a motion "to strike out all of his testimony" is too broad, and was properly overruled.

In Error to the United States Court of Appeals in the Indian Territory.

J. G. Ralls (G. T. Ralls, on the brief), for plaintiffs in error.

G. A. Pate and R. L. Williams, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. J. D. Lankford and E. Lankford, husband and wife, brought this action against the American Express Company, before a United States commissioner in the Indian Territory, to recover the sum of $196, the value of a gold ring set with a diamond, alleged to have been delivered to the defendant as a common carrier, to be carried to Chicago, and lost through its negligence. It appearing that the ring was the property of Mrs. Lankford, the action was dismissed as to her husband, J. D. Lankford. The plaintiff recovered judgment before the United States commissioner, and also on appeal in the United States court for the Central district of the Indian Territory, which last judgment was affirmed by the United States court of appeals for that territory (39 S. W. 817, 46 S. W. 183), and the defendant sued out this writ of error.

It is assigned for error that the United States commissioner did not have jurisdiction of the case. The jurisdiction of United States commissioners in the Indian Territory is the same as that of justices of the peace in Arkansas, which is as follows:

"Sec. 4317. Justices of the peace shall severally have original jurisdiction in the following matters: First. Exclusive of the circuit court, in all matters of contract where the amount in controversy does not exceed the sum of one hundred dollars, excluding interest; and concurrent jurisdiction in matters of contract, where the amount in controversy does not exceed the sum of three hundred dollars, exclusive of interest. Second. Concurrent jurisdiction in suits for the recovery of personal property, where the value of the property

does not exceed the sum of three hundred dollars; and in all matters of damage to personal property, where the amount in controversy does not exceed the sum of one hundred dollars."

The contention of the plaintiff in error is that this is an action for the "destruction of personal property" or "damage to personal property"; but it is neither. It is an action to recover damages for a breach of contract, and as such falls under that clause of the statute —copied from the constitution of the state—which confers on justices of the peace "jurisdiction in matters of contract where the amount in controversy does not exceed the sum of three hundred dollars, exclusive of interest." Koch v. Kimberling, 55 Ark. 547, 18 S. W. 1040, and cases cited.

Exception is taken to the ruling of the court in refusing to strike out the testimony of Lankford, the plaintiff's husband. But the witness testified that, in shipping the ring, and in other matters to which his testimony related, "I was simply acting as the agent of my wife;" and the Arkansas statute in force in the Indian Territory provides that either husband or wife "shall be allowed to testify for the other in regard to any business transacted by the one for the other in the capacity of agent." Sand. & H. Dig. Ark. § 2916.

It is objected that the husband testified to some matters outside of his agency. The testimony of the witness was not objected to when it was introduced. His testimony relating to his agency was, confessedly, admissible. The motion, however, was not to strike out the alleged irrelevant parts of his testimony, if there was any part of it irrelevant, but it was "to strike out 'all' the testimony of the witness J. D. Lankford, for the reason that he was the husband of the plaintiff, and not a competent witness." The motion was too broad, and was properly overruled. Bank v. Rush, 29 C. C. A. 333, 85 Fed. 539.

An exception was taken to the refusal of the court, at the close of all the evidence, to give the jury a peremptory instruction to return a verdict for the defendant. This request was properly refused. Upon the evidence in the record, it would have been error for the court to have taken the case from the jury. The judgment of the United States court for the Central district of the Indian Territory, and of the United States court of appeals in the Indian Territory, are each affirmed.