WEST PUB. CO. v. EDWARD THOMPSON CO.

(Circuit Court, E. D. New York. April 9, 1907.)

1. EQUITY — TAKING PROOFS — DEPOSITIONS — SUPPRESSION—ADMISSIBILITY IN PART.

A motion to suppress depositions taken in rebuttal, on the ground that the testimony therein is also in chief, must be overruled if any part of such testimony is proper in rebuttal and if the rebuttal testimony cannot be separated from that which is not rebuttal.

2. SAME—EVIDENCE IN CHIEF TAKEN IN REBUTTAL.

Where depositions taken in rebuttal, in a suit in equity in a federal court, contain testimony properly in rebuttal, and also additional evidence in support of the main case, the defendant is entitled, on a proper showing to an extension of time, to take testimony to meet such new evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 734.]

On Motion to Strike Out Depositions.

William B. Hale (Edmund Wetmore, of counsel), for complainant.

Walter Large (John L. Hill and Charles Porterfield, of counsel), for defendant.

CHATFIELD, District Judge. In this action in equity the complainant's time for the taking of testimony has expired, as has also that of the defendant; the situation being set forth in an opinion filed herein on a prior motion (151 Fed. 138), on the 23d day of February, 1907. In rebuttal, the complainant has offered certain depositions, consisting of testimony and printed volumes, or excerpts from printed volumes, arranged in parallel columns. These depositions in considerable number, and many pages in length, contain the testimony of certain witnesses, some of whom were not available at the time of the taking of testimony by the complainant, and some perhaps available, but whose testimony would have been purely negative until the defendant's case was in. Questions asked by the defendant in its case furnished a ground for the calling of these witnesses in rebuttal, and the depositions to which objection is now made were taken as a part of that rebuttal. The defendant now moves to strike out the depositions as a whole, or, in the alternative, if any part of the depositions be allowed to stand as rebuttal, that the defendant have time to produce evidence in its own behalf to answer such portions of the depositions objected to as may properly be considered not only rebuttal, but examination in chief.

In First Nat. Bank v. Rush, 85 Fed. 539, 29 C. C. A. 333, the Circuit Court of Appeals said:

"General objections to a deposition must be overruled, if any part of the deposition appears to be admissible in evidence, or if the proponent calls attention to any part which is admissible in any view of the case. Such objections raise the issues whether or not the proposed evidence is admissible under any circumstances or for any purpose, but they raise no other issue. If a court overrules them, its ruling must be sustained, unless it clearly appears

that none of the evidence admitted could be lawfully received under the pleading and evidence in the case. If it sustains such objections, its ruling must be reversed, if any part of the evidence rejected was admissible upon any issue before the court."

Also, Bamford v. Lehigh Zinc and Iron Co. (C. C.) 33 Fed. 677; American Exp. Co. et al. v. Lankford, 93 Fed. 380, 35 C. C. A. 353.

Numerous authorities show the scope of rebuttal testimony, from which cases a few quotations are as follows:

"Rebutting evidence is that which is given by a party in a cause to explain, repel, contradict, or disprove the facts given in evidence by the other side. Directness in the technical sense is not essential to give the evidence that character, nor is it necessary that the contradiction should be complete and entire, in order to admit the opposing testimony. Circumstances may be offered to rebut the most positive statement, and it is only necessary that the testimony offered should have a tendency to explain, repel, counteract, or disprove the opposite statement, in order to render it admissible." United States v. Holmes, 1 Cliff. (U. S.) 98, 26 Fed. Cas. No. 15,382.

"Rebutting evidence is that which repels or counteracts the effect of evidence which has preceded it. Evidence which shows that the evidence of the opposite party was not entitled to the force and effect which the law imputes to it prima facie must in its strictest sense be rebutting." Davis v. Hamblin, 51 Md. 525, 529.

"Rebutting testimony is addressed to evidence produced by the opposite party, and not to his pleading." Lux v. Haggin, 69 Cal. 255, 10 Pac. 674, 767.

"The rule is that evidence in reply must bear directly or indirectly upon the subject matter of defence, and ought not to consist of new matter unconnected with the defence, and not tending to controvert or dispute it." United States v. Gardiner, Fed. Cas. No. 15,186a.

In Chadbourne v. Franklin, 5 Gray (Mass.) 312, Chief Justice Shaw held that it was no objection to testimony offered by plaintiff in rebuttal, which tends to contradict the defendant's witnesses in a material point that it also tends to corroborate the case made by the plaintiff's evidence in chief.

The defendant, while not disagreeing with the complainant as to what is testimony in rebuttal, takes the position that the depositions objected to are in reality the testimony of witnesses newly discovered, afterthoughts, and portions of the complainant's case which were made desirable by the testimony produced on behalf of the defendant. The court is of necessity compelled to pass upon the question, and not leave the parties to objections upon the final hearing upon any testimony which either side may see fit to produce before the special examiner. The time for taking testimony having totally elapsed, unless some order is made, the case must be heard upon the record as it stands at present. To strike out the depositions without deciding whether any of the questions and answers are proper rebuttal, would result in making these depositions a part of the record on appeal, while the defendant would be entirely prevented from the further taking of testimony. If any of the testimony were properly rebuttal, the Circuit Court of Appeals would then have the complainant's entire record, but would be compelled to send the case back for further hearing, or leave the defendant without opportunity to answer new evidence of the complainant in the particular depositions. On the other hand, to deny the motion to strike

out the depositions necessitates considering whether the defendant should have an opportunity to put in further evidence as a part of its defense. From such examination of the depositions as may hastily be made, it would seem that a portion of each deposition is within the limits of rebuttal testimony, and, if this situation arose in the trial of a case with a jury, a portion of each deposition would be allowed in rebuttal. But each deposition also contains matter which, while meeting the requirements of rebuttal testimony, is additional evidence for the complainant in support of its case, and it is impossible on this motion to go through and strike out, question by question and clause by clause, the testimony which is not strictly rebuttal. The only other course seems to be to give the defendant a chance to take such testimony as may be required by the present condition of the case, with the depositions objected to in evidence.

The defendant, however, has not, in making the alternative motion, indicated what testimony it wishes to introduce, nor how much time it will require. Again, referring to the situation upon a trial before a jury, if the defendant should wish to call witnesses after testimony has been given in rebuttal, the court would certainly require the defendant to say who the witnesses were, and to indicate what it was desired to prove, and would rule accordingly. The defendant will therefore be given time to take the testimony it desires, if it can satisfy the court that it has any witnesses who can give testimony that is competent and material to the present condition of the issues; but it must, either by affidavit or by statement upon a further hearing, indicate who the witnesses will be, what their testimony in a general way will prove, and how much time will be needed in its opinion for the purpose.

A further hearing will be had at 4 o'clock upon the afternoon of April 12th.