### MINNEAPOLIS ST. RY. CO. v. ODEGAARD.

(Circuit Court of Appeals, Eighth Circuit. October 11, 1910.)

#### No. 3,314.

1. CARRIERS (§ 316*)—INJURY TO PASSENGERS—PRESUMPTION OF NEGLIGENCE.
   The presumption of negligence created by a collision resulting in injury to a passenger is rebuttable, and may be overcome by the facts when they appear.
   [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1287; Dec. Dig. § 316.*]

2. CARRIERS (§ 300*)—INJURY TO PASSENGERS—STREET RAILROADS—COLLISION WITH AUTOMOBILE—EVIDENCE.
   Plaintiff, a street car passenger, was injured in a collision between the car and an automobile approaching each other at a street crossing at right angles. There was conflicting evidence as to how far down the ave-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

nue the motorman could have seen the lamps of the automobile, but he actually discovered the automobile when it was only 80 to 100 feet from him, and moving at a rapid rate. The chauffeur did not see the car until he was within 12 feet of it, when he turned suddenly to the right to avoid a collision, but in the effort to do so his machine skidded and struck the car on the side, and plaintiff was injured either by some jerk of the car incident to the handling of it by the motorman, or by some jolt occasioned by the impact of the automobile, and was thrown or fell against the corner of a seat near which she was standing, and received the injury complained of. *Held*, that the motorman had no reasonable ground to believe that the chauffeur would not stop or turn his machine before the collision became inevitable, that he would drive recklessly against the side of the car, and that there was therefore no evidence of negligence of the street car company entitling plaintiff to recover against it.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 300.*]

3. CARRIERS (§ 305*)—MUNICIPAL CORPORATIONS (§ 705*)—STREETS—AUTOMOBILES—INJURIES TO STREET CAR PASSENGER.

The chauffeur in charge of the car was guilty of gross negligence in the operation of his automobile, and this, and not through any negligence of the railroad company, was the proximate cause of plaintiff's injury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1245; Dec. Dig. § 305;* Municipal Corporations, Dec. Dig. § 705.*]

In Error to the Circuit Court of the United States for the District of Minnesota.

Action by Helga M. Odegaard against the Minneapolis Street Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Milton D. Purdy (John F. Dahl, W. O. Stout, and D. R. Frost, on the brief), for plaintiff in error.

Henry S. Mead (James Robertson, on the brief), for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and REED, District Judge.

ADAMS, Circuit Judge. The plaintiff, Miss Odegaard, sued and recovered a judgment against the defendant railway company for injuries sustained by her in a collision between the car on which she was riding as a passenger and an automobile. The Circuit Court at the close of all the evidence was requested to direct a verdict for the defendant. Its refusal to do so is the sole assignment of error relied on for a reversal.

The collision occurred at the intersection of two much frequented and traveled streets in the city of Minneapolis, Sixth street and First Avenue South, which cross each other at right angles. The car was being propelled over Sixth street by a motorman in the usual way of operating trolley cars by electricity, and the automobile was being driven along First Avenue South in a direction towards the track on which the car was moving. It was dark at the time, and the automobile carried acetyline lamps in front which were lit and shining brightly. There was conflicting evidence as to how far down First avenue the motorman could have seen the brilliant lamps on the approaching automobile, but there is no conflict in the proof that he

actually discovered the approach of the automobile when it was only 80 to 100 feet from him. It was then moving along at a rapid rate. The witnesses put it at 18 to 20 miles per hour. The chauffeur, not seeing the car until within about 12 feet of it, attempted to turn suddenly to the right and avoid a collision, but in the effort to do so his machine skidded and struck the car on the side. Plaintiff either by some jerk of the car incident to the handling of it by the motorman or by some jolt occasioned by the impact of the automobile was thrown or fell against the corner of a seat near which she was standing and received the injury complained of.

The negligence counted on for recovery is the careless operation of the car by the motorman and the collision consequent thereon. The only evidence claimed to sustain the charge as made is (1) the presumption arising from the fact that an injurious accident happened to the plaintiff while a passenger on defendant's car; (2) that the motorman could have seen the approach of the automobile if he had exercised reasonable care to look down First Avenue South over which it was coming in his direction in time to have stopped his car, or otherwise have avoided the collision; and (3) that, when he did discover it, he did not exercise the reasonable degree of care imposed upon him by law to avoid the collision.

It may be conceded that the fact of a collision and a resulting injury to a passenger creates a presumption of negligence on the part of the carrier, but this is only a rebuttable presumption—one which may be overcome by the facts of the case when they appear (Wabash R. Co. v. De Tar, 73 C. C. A. 166, 141 Fed. 932, 4 L. R. A. [N. S.] 352; Rich v. C., M. & St. P. Ry. Co., 78 C. C. A. 663, 149 Fed. 79), and we think it was so overcome by the undisputed facts of this case. The trolley car had fixed and immovable tracks on which it had the right of way, and there is no substantial evidence that the motorman was not operating it with all due care as he approached and was crossing First Avenue South when it was struck by the automobile. The contention that the motorman should have seen the automobile as it was approaching with the speed complained of, and should have stopped his car or accelerated its motion so as to avoid collision, is without merit. The motorman might reasonably act on the presumption that any competent chauffeur in charge of an automobile would either stop his machine as it approached the car or turn the corner and pass along by the side of the car in the direction it was moving, or otherwise avoid plunging into it. We may take judicial cognizance of the fact, now well known, that an automobile even when going at the rate of speed complained of in this case yields ready and quick obedience to the guiding wheel in the hands of a competent chauffeur.

We accordingly hold that, under the state of facts disclosed by the record, the motorman had no reasonable ground to believe that the chauffeur would not stop or turn his machine before collision became inevitable, and, a fortiori, that he would recklessly drive his machine against the side of the car. No negligence is therefore imputable to him for not having seen the approach of the automobile in time to avoid the injury. We have also concluded that, when the motorman

actually discovered the automobile 80 to 100 feet away advancing at the time at the rate of 18 or 20 miles an hour, it was physically impossible for him to move his car (which was according to the proof moving slowly across the street in its usual course) out of the way to avoid collision. Within two or three seconds, according to the proof, the impact would occur and most palpably no negligence can be imputed to him for not gathering his wits and moving his large and cumbersome car out of the way in that brief period.

The chauffeur, who was made a codefendant with the railway company in this case, was guilty of gross carelessness; and this was the proximate cause of plaintiff's injury.

This fact, together with those already considered, abundantly overcome the presumption of negligence arising from the collision and consequent injury to plaintiff. She had no cause of action and the learned trial court erred in not directing a verdict in favor of the defendant as requested. The judgment must, therefore, be reversed, and the cause remanded for a new trial.