OMAHA & C. B. ST. RY. CO. v. McKEEMAN.

(Circuit Court of Appeals, Eighth Circuit. March 8, 1918.)

No. 5005.

1. CARRIERS ⬅320(1)—ACTION FOR INJURY TO PASSENGER—QUESTIONS FOR JURY.

In an action by a passenger against a street railroad company to recover for a personal injury received when the car in which he was riding struck an automobile at a crossing, the case *held* properly submitted to the jury, where there was evidence tending to show that the car was running 25 or 30 miles an hour in a city, that it was equipped with a hand brake only, and that it struck the automobile, which with its occupants weighed 3,700 pounds, with such force as to shove it along the pavement sidewise for 100 feet.

2. CARRIERS ⬅315(1)—ACTION FOR INJURY TO PASSENGER—PLEADING AND PROOF.

In an action to recover for an injury to a passenger in a street car, an allegation that the car was negligently operated was sufficient, in the absence of motion for more specific statement, to permit the introduction of evidence of excessive speed.

3. EVIDENCE ⬅492—OPINION OF WITNESSES—SPEED OF STREET CAR.

In an action to recover for an injury to a passenger in a street car when it struck an automobile at a crossing, the admission in evidence of the opinions of witnesses as to the speed of the car at the time of collision *held* within the discretion of the court.

4. CARRIERS ⬅321(1)—ACTION FOR INJURY TO PASSENGER—INSTRUCTIONS.

The charge of the court, in an action to recover for an injury to a passenger in a street car in collision with an automobile, *held* correct and sufficient, and the refusal of further requested instructions not error.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action at law by Guy E. McKeeman against the Omaha & Council Bluffs Street Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

John Lee Webster, of Omaha, Neb. (William Ross King, of Omaha, Neb., on the brief), for plaintiff in error.

Herman Aye, of Omaha, Neb. (B. H. Dunham, of Omaha, Neb., on the brief), for defendant in error.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

CARLAND, Circuit Judge. [1] McKeeman, hereafter called "plaintiff," sued the railway company, hereafter called "defendant,"

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to recover damages for personal injuries received by him while being carried as a passenger on one of the street cars of defendant. There was a verdict for plaintiff, and the case is here on writ of error. The refusal of the trial court to direct a verdict for defendant is assigned as error. It was alleged in plaintiff's complaint that, through the negligent operation of the car upon which plaintiff was riding, the car collided at the intersection of Benton and Harmony streets in the city of Council Bluffs, Iowa, with an automobile, and as a result thereof plaintiff was thrown from said car into the street and injured. We dismiss from consideration the suggestion that plaintiff jumped from the car when there was no reason for so doing, as this question is foreclosed by the verdict of the jury upon conflicting evidence. It is further contended that a verdict should have been directed for the defendant because the evidence shows without dispute that the motorman did all that he could to stop the street car after he had any reason to believe that the automobile would be driven upon the track directly in front of the street car. Assuming but not deciding that such a state of the evidence would relieve the defendant of liability, as against a passenger on a street car, we proceed to examine the evidence.

The plaintiff testified that he got upon the car from which he was thrown, at the intersection of Hyde avenue and Benton street; that the car proceeded south about three blocks to the place of the collision; that plaintiff was riding on the back platform; that the platform was used for smoking; that passengers were not allowed to smoke in the car; that plaintiff was smoking at the time he was riding upon the car; that he stood about the center of the car with his back to the back of the vestibule, his elbows on the back window; that the speed of the car was from 25 to 30 miles an hour; that the street car collided with a seven-passenger automobile; that the collision threw plaintiff from the car; that plaintiff saw the automobile before the accident; that the bell on the street car called his attention to the automobile coming; that it was the impact of the collision which threw plaintiff from the back end of the platform; and that up until the time of the impact the street car did not decrease its speed at any time.

On cross-examination the plaintiff testified that he saw the motorman try to stop; that the motorman commenced grinding the hand brake when he first saw the automobile; that there was no air brake; that the car was about 120 feet from the point of collision when plaintiff first saw the motorman put his brakes on; that from the time the motorman put on the brakes to the time of the collision the motorman worked frantically at the hand brake; that he also during that time rang the bell; that the automobile was going 6 or 8 miles an hour; that both the automobile and car were moving at the time of the collision.

Fred Johnson, a witness for the plaintiff, testified that he saw the accident; did not think the street car slackened its speed at all before the accident; that the street car was running at the same rate of speed at the time of the accident as it had been before. Joseph F. Perry, a witness for the plaintiff, testified that the street car was running 25 miles per hour and did not check its speed from the first time the wit-

ness saw it until the collision. It also appeared in evidence that the combined weight of the automobile and occupants was about 3,700 pounds; that the car struck the automobile on the side and at the center of the same, and shoved it along the pavement a distance of 100 feet. If the jurors believed the evidence quoted, and they were at liberty to do so, it was sufficient to sustain the verdict. No court would be authorized to declare as a matter of law that a street car with a hand brake running at a speed of 25 to 30 miles per hour across a street crossing in the city of Council Bluffs with the result appearing in this case was not negligently operated, or that the motorman exercised the highest degree of care consistent with the practical operation of the car.

[2] It is suggested that there was no allegation in the petition relating to the speed of the car, but excessive speed is a part of the operation of the car, and that the car was negligently operated is alleged in the petition. If the defendant wished a more particular specification of the grounds of negligence, it had its remedy by a motion for a more specific statement. It is claimed that the cases of Cleveland City Ry. Co. v. Osborn, 66 Ohio St. 45, 63 N. E. 604, and Minneapolis Street Ry. Co. v. Odegaard, 182 Fed. 56, 104 C. C. A. 496, support the contention of the defendant that a verdict ought to have been directed. In the Ohio case there was no evidence of negligence in the operation of the street car. The claim was that the motorman applied the brakes to the street car with too great a force causing a jolt or jar which threw plaintiff from the car. The court held that the conduct of the motorman was not negligent under the circumstances. In the Odegaard Case, it was decided that the motorman was operating his car with all due care as he approached and was crossing Fifth Avenue South in Minneapolis, when the car was struck by an automobile. Neither of these cases rule the case at bar, and we are of the opinion that it was clearly a question for the jury as to whether the car was negligently operated or not under the evidence.

At the trial the plaintiff thought it was material to introduce testimony as to the distance in feet at several points along Benton and Harmony streets at which an automobile and a street car would be visible to persons operating such vehicles respectively under the circumstances detailed in the evidence. For this purpose the witness Cook was placed on the stand and gave testimony as to measurements made by him, showing the various points along the two streets at which the occupants of the automobile and street car could have seen each other. It is claimed that it can be mathematically determined from the testimony of Mr. Cook that one of his lines where he claimed the vision was unobstructed ran through a two-story brick house marked on the diagram which the witness used. The accuracy and reliability of the testimony of the witness was a legitimate subject for argument before the jury, and it was for the jury to give such weight to the testimony as in their judgment it seemed to be entitled. We see no error in the admission of the evidence of the witness Cook.

[3] Mr. Keller, who was the driver of the automobile, when giving his testimony in chief was asked the question: "What do you estimate the speed" (of the car)? The witness answered: "My judgment is that it was going very fast, I should judge 35 miles an hour." This question was objected to by counsel for defendant as incompetent, and that there had been no foundation laid. The objection was overruled, and this ruling of the court is assigned as error. At the time this ruling was made, it was a fair inference that the witness had seen the car moving, as he was in charge of the automobile. Subsequently, however, on cross-examination the witness testified that he had not seen the car. When this fact appeared, counsel for the defendant moved that the testimony of the witness in regard to the speed of the car be stricken from the record. The court overruled this motion, but this ruling of the court is not assigned as error. Moreover, it did appear from the testimony of Keller that he must have seen the street car because as he testified he was making an effort to turn his car so as to avoid a collision, but that the street car was going so fast that he could not make the turn. We think the estimate of the witness as to the speed of the car was properly left to the jury.

This court, in United States Smelting Co. v. Parry, 166 Fed. 407, 92 C. C. A. 159, in an opinion by Judge Van Devanter, now Justice Van Devanter, decided that a certain discretion is accorded the trial judge in respect of the admission or rejection of expert and opinion testimony, and his decision admitting testimony of that character ought not to be disturbed unless it plainly appears that the testimony was not calculated to aid the jury in reaching a correct conclusion and was calculated to prejudice their minds. A large number of cases are cited in the case referred to in support of the rule stated.

The admission of the following testimony by the witness Joseph F. Perry is assigned as error:

"Q. How fast would you say this street car was running when you first saw it? A. I should judge it was going 25 miles an hour."

This question was objected to by counsel for defendant as incompetent, immaterial, and irrelevant, and no sufficient foundation laid. The principal objection to the question was that Perry was not basing his opinion entirely upon a conclusion as to the speed of the car formed at the instant he saw it, but in part upon reflection and measurements made afterwards. The witness testified that, when he first saw the street car, it was about 96 feet north of the middle of the intersection of Harmony and Benton streets. He also testified that he had observed railroad trains and street cars as to their speed and testified that he was able to give an opinion as to the speed of the street car. We do not think there was error in allowing the witness to answer the question, leaving the weight to be given the same to the jury after full cross-examination upon the subject. Lorenzen v. United Rys. Co., 249 Mo. 182, 155 S. W. 30.

[4] Assignment of error No. 10 complains of a charge given by the court to the jury defining the duty of the motorman. An examination of the record does not show that this charge of the court was

excepted to, and therefore we may not consider it. A request to charge upon the subject of damages which was refused by the court is assigned as error. An examination of the charge as given by the court convinces that no error was committed in refusing to give the charge requested.

The court was requested to charge the jury that the speed of the street car was not the proximate cause of the accident complained of, and therefore the jury could not find the defendant company negligent on account of the speed at which the street car was running. To have given this instruction would have been practically to have directed a verdict for the defendant, which was not permissible as we have shown. The court was requested to charge the jury that it was the duty of the defendant through its motorman to use reasonable care to avoid a collision with the automobile. This request did not correctly state the duty of the motorman under the circumstances so far as a passenger on the car was concerned, and therefore was properly refused.

We have carefully considered the other requests to charge and find no error in the refusal of the court to give the same, the jury being properly instructed by the court on its own motion as to the duty of those in charge of the automobile at the time in question.

There being no error in the record, the judgment below is affirmed.