### DENVER OMNIBUS & CAB CO. v. KREBS. *

(Circuit Court of Appeals, Eighth Circuit. January 15, 1919.)

No. 5033.

1. EVIDENCE ⬤123(11)—RES GESTÆ—STATEMENTS OF AGENT.

Statements made by the driver of a taxicab to a passenger, immediately after an accident in which a pedestrian was injured, are admissible against his employer as part of the res gestæ.

2. EVIDENCE ⬤492, 568(6)—OPINION EVIDENCE—QUALIFICATION OF WITNESS.

Upon the question of the speed of a taxicab no technical knowledge is required to qualify a witness to state his opinion; its weight being for the jury.

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action at law by May M. Krebs against the Denver Omnibus & Cab Company. Judgment for plaintiff, and defendant brings error. Affirmed.

John A. Deweese and Charles A. Prentice, both of Denver, Colo., for plaintiff in error.

J. W. Kelley and Eselyn B. Kelley, both of Denver, Colo., for defendant in error.

Before SANBORN, Circuit Judge, and TRIEBER, District Judge.

TRIEBER, District Judge. For convenience the parties will be referred to as they appeared in the court below, the defendant in error as plaintiff, and the plaintiff in error as defendant.

This is an action for damages for personal injuries, alleged to have been sustained by the plaintiff by the negligence of the defendant. The complaint charged that, while the plaintiff was walking across a public crossing on a public street in the city of Denver, an employé of the defendant, driving at a reckless speed one of the taxicabs of the defendant, negligently, recklessly, and carelessly struck the plaintiff, seriously injuring her. The answer, in addition to general denials, pleaded contributory negligence of the plaintiff.

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied April 12, 1919.

Upon a trial to a jury a verdict in favor of the plaintiff was returned, upon which judgment was entered, which it is sought to reverse by this writ of error. There are several errors assigned to the admission of evidence and also the refusal of the court to direct a verdict for the defendant.

[1] One of the objections to the evidence is the admission of that part of the testimony of a witness, who was a passenger in the taxicab which struck the plaintiff and inflicted the alleged injury. He testified that:

"When passing the place where the injury occurred the car suddenly swerved. When he asked the chauffeur what was the trouble, he kept on going and replied: 'I nearly hit a woman.' I said: 'Hadn't we better go look and see if she is hurt?' He replied: 'No; I didn't hit her; I just missed her.' As the machine continued. I noticed that the uptown bound street car had stopped, and I called the attention to the chauffeur to that fact, whereupon he said: 'I am pretty sure I didn't hit her.'"

As the chauffeur was the agent of the defendant, his statements, made at the time of the accident, and while in the discharge of his duties as a chauffeur of a taxicab carrying a passenger, were clearly admissible as a part of the res gestæ. 2 Chamberlayne on the Modern Law of Evidence, § 1344; 16 Cyc. p. 1242.

[2] Did the court err in admitting the testimony of the plaintiff and the witness Lucas as to the speed the taxicab was running, as they had not qualified as experts, it is claimed? The plaintiff testified that she had frequently ridden in automobiles, and knew about their speed. The witness Lucas testified:

"I have ridden many times in automobiles over a period of years, and have observed their speed, both with and without looking at the speedometer. I have also observed the speed of railroad trains, by watching the speedometers in private and business cars."

This is sufficient to qualify these witnesses to testify to the speed of the taxicab. In a matter of this nature no technical knowledge is required to admit such opinions; the jury to determine the weight to be given to the testimony. Robinson v. Louisville Ry. Co., 112 Fed. 484, 50 C. C. A. 257; Porter v. Buckley, 147 Fed. 140, 78 C. C. A. 138; Rothe v. Pennsylvania Co., 195 Fed. 21, 114 C. C. A. 627; Erie R. R. Co. v. Weber, 207 Fed. 293, 125 C. C. A. 37; Detroit & Milwaukee R. R. Co. v. Van Steinburg, 17 Mich. 104; Lorenzen v. United Ry. Co., 249 Mo. 182, 155 S. W. 30. In Omaha & C. B. St. Ry. Co. v. McKeenan, 250 Fed. 386, —— C. C. A. ——, Judge Carland, speaking for this court, held that the admissibility of such evidence is within the discretion of the trial court.

The only other ground upon which a reversal is sought is the refusal of the court to direct a verdict for the defendant. It will serve no useful purpose to set out the evidence. We have carefully read it, and are satisfied that there was substantial evidence to require the submission of the cause to the jury.

Finding no error, the judgment is affirmed.