ALLEN et al. v. FIELD et al.

(Circuit Court of Appeals, Second Circuit. March 7, 1906.)

No. 116.

1. TRIAL—INSTRUCTIONS—REFUSAL OF REQUESTS.

It is not error to refuse a request for an instruction applicable only in case of a finding which there is no evidence to warrant, as the jury have already been charged.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 596–612.]

2. WRIT OF ERROR—REVIEW—INSTRUCTIONS.

An exception to the answer of the court to a question asked by the jury, which merely reaffirmed and referred them to a part of the charge previously given, and which was not excepted to, presents no question for review.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 1516.]

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment upon a verdict against plaintiffs in error, who were defendants below, in the Circuit Court, Southern District of New York.

A. S. Austrian, for plaintiffs in error.

William Lindsay, for defendants in error.

Before WALLACE, LACOMBE and TOWNSEND, Circuit Judges.

PER CURIAM. All the facts in this cause are fully set forth in the opinion of this court on the former appeal, which will be found in 130 Fed. 641, 65 C. C. A. 19. They need not be again recited. On this trial it was shown that out of 15,000 barrels of whisky which the plaintiffs had manufactured up to the fall of 1904, but which defendants did not take, 6,295 barrels were sold to other people at a profit above the contract price of over $10,000, while 8,705 barrels remained on hand unsold.

The defendant requested the court to charge that:

"(14) The jury is further instructed that, if it finds from the evidence that the plaintiff has sold or could have sold all the whisky in question heretofore manufactured up to and including the present date at a price equal to or in excess of 30 cents per proof gallon, plus carrying charges, then and in that event as to all such whisky the jury is instructed that the plaintiff is entitled to recover no damages whatever."

The court so charged; indeed it had already so instructed the jury in the colloquial charge.

The defendants then requested the court to charge that:

"(1) The jury is further instructed that the evidence in this case shows that the sale and disposition by the plaintiff of certain of the whisky in question netted the plaintiff a profit over and above the contract price and carrying charges. If the jury further find that the plaintiff is entitled to recover in this case damages from the defendants on account of any of the whisky still on hand and undisposed of by the plaintiff, then such damage must be reduced to the extent of such net profits already made by the plaintiff."

The court refused so to charge, and exception was duly taken.

The theory of the defendants is that the jury was left without proper instructions in case they should find that plaintiff could not have sold all the unsold whisky at a profit, because under the charge generally and under the fourteenth request they could find damages touching any unsold whisky only if they were satisfied from the evidence that plaintiff could not have sold it at a profit. The exception is unsound. The request was doubtless refused because the court had already charged the jury that the evidence tended to show that all of the unsold whisky could have been sold by plaintiff at a profit, and there was no evidence to the contrary in the case. The instruction was therefore superfluous. The evidence was that the plaintiff in offering the manufactured whisky for sale asked prices considerably in excess of the contract price. There were also two written admissions of the plaintiff that he could have sold all the manufactured whisky at a profit. On April 16, 1902, after naming 32½ cents, 37½ cents, and 42½ cents for 100 barrels, the product of each of three successive years (300 barrels in all), he states: "I could close my three crops to-day at the money I offer it to you." On January 17, 1903, he stated, after naming prices for 500 barrels, varying for the different crops from 35 cents up to 50 cents: "I can close out all I have at my prices, but am only trying to sell to customers who have handled these goods." These statements stand upon the record wholly unqualified, unexplained, and uncontradicted, and it is manifest that the 8,705 barrels remained unsold only because the plaintiff was seeking to get a still larger profit. The request consequently called for an instruction upon merely an academic proposition. It assumed that there was a disputed question of fact when there was none. The refusal could not have harmed the defendants or misled the jury.

When there is a general verdict, covering various items of damage upon conflicting testimony, it is, of course, impossible to tell at what amount the jury may have assessed each item; but when, touching the only item questioned in review, the evidence is all the one way, wholly uncontradicted and unqualified, it must be assumed that their verdict was in conformity with the proof.

When the jury was in consultation, they presented to the court through their foreman the following written request:

"The jury wish to ask you if, in considering the question of damages, we should take into consideration whether the plant of Field is to continue as a going concern during the next ten years."

To this the court replied:

"No, except as I have charged you with reference to the future crops."

To this instruction defendants excepted. This instruction added nothing to and changed nothing in the charge already given with reference to future crops. To that part of the charge no exception was reserved, and the exception to this reference to an unchallenged charge is without merit.

The defendants present an argument upon two propositions which were fully discussed and decided in our former opinion. There is no additional testimony in any way modifying the facts upon which those propositions were disposed of on the first appeal. It is not necessary therefore to discuss them further.

The judgment is affirmed.