### ILLINOIS CENT. R. CO. v. COUGHLIN.

(Circuit Court of Appeals, Sixth Circuit. June 20, 1906.)

No. 1,528.

1. TRIAL—INSTRUCTIONS—REFUSAL OF REQUESTS.

The refusal of a requested instruction, although it correctly states the law applicable to the facts, is not error where it is, in substance and effect, covered by the charge given.

2. SAME.

Upon an issue as to the negligence of a defendant railroad company in failing to properly inspect a car, a defect in which caused plaintiff's injury, it was not error for the court to modify a requested instruction, so so as to confine the consideration of the jury to the inspection of the particular car in question.

3. WRIT OF ERROR—REVIEW—RULING ON MOTION FOR NEW TRIAL.

The denial of a motion for a new trial is within the discretion of the trial court, and in general will not be reviewed on appeal in the federal courts.

In Error to the Circuit Court of the United States for the Western District of Tennessee.

C. G. Bond, for plaintiff in error.

J. E. Pope, for defendant in error.

Before LURTON and RICHARDS, Circuit Judges, and EVANS, District Judge.

EVANS, District Judge. The court had this case before it on a former occasion, and the opinion then rendered, and which is reported in 132 Fed. 801, 65 C. C. A. 101, not only explained the nature of the case, but was quite specific in indicating the lines upon which the new trial then awarded should proceed. In disposing of the case now, we are to ascertain whether those directions were followed. Upon the second trial the testimony seems, in all essential respects, to have been the same as upon the first, and its consideration again led the jury to a verdict for the plaintiff.

Numerous errors have been assigned, only a few of which need be noticed.

It is earnestly insisted that there was not sufficient evidence to warrant a verdict for the plaintiff for any amount, and, consequently, that the court should have instructed the jury to find for the defendant. In its former opinion this court did not take that view, and, as there was

testimony upon both sides of the material issues of fact, we think the court properly left to the jury the determination of those issues.

2. The plaintiff in error moved the court to charge the jury as follows:

"(a) The fact that the handhold came loose or that the nut was found off after the accident is not proof and does not raise any presumption on the part of the railroad company that it was negligent either as to the construction of the car or its inspection.

"(b) If you find that the car went south after the accident, and one end of the handhold was found to be off at Chester, this would not be evidence and would not raise the presumption that the railroad company was negligent, or that there was any defect at the time of the accident, and you cannot from this fact infer that the railroad company was negligent in inspecting the car at McCombs."

The court refused to so charge, and this is assigned as error.

It may be conceded that each of these propositions was a proper and accurate statement of the law applicable to the phases of the case to which they referred, but it does not follow that the plaintiff in error was prejudiced by the refusal to give either proposition or both of them to the jury, inasmuch as an examination of the very careful and elaborate charge of the court discloses the fact that in every essential respect each of these propositions was covered by what the court charged, and their repetition was unnecessary. If given in substance and effect, as we think they were, the plaintiff in error was not entitled to have the court below use the exact language proposed.

3. The plaintiff in error also moved the court to charge the jury upon the subject of the car inspection by the employer in this case, but the proposition as submitted referred to the company's practice as to car inspection generally. The court declined to charge as thus requested by the plaintiff in error, but modified the request in such way as to confine consideration of the question to the inspection of the car upon which was the handhold the defect in which caused the injury to the defendant in error. We think the modification was proper, and that the instruction requested by the plaintiff in error was too broad. The modification brought it within the issues made by the pleadings, which related to one car alone, and not to the cars generally used by the plaintiff in error. Indeed, the charge of the court at the trial seems fully and carefully to have conformed to the views of this court expressed in its former opinion, and, without separately noticing other assignments relating to the charge and to refusals to charge, we are content to say that in our opinion the law of the case upon the issues made by the pleadings and upon the evidence heard thereon was accurately and adequately expressed by the court in the charge. This being so, the jury could intelligently apply the evidence, and perform their functions as triers of the facts. Certainly there was no error sufficient to warrant a reversal of the judgment.

4. It remains, however, to consider that assignment of error which insists that the judgment should have been set aside and a new trial granted upon the alleged ground that one of the jury at some time visited a freight yard and saw other cars, and subsequently made statements to his fellow jurors as to the railroad company's manner of attaching the handholds to its cars. It is insisted that this made it pos-

sible for the jury to determine the case upon evidence not delivered in court under oath and with opportunity to cross-examine. The issues as to this alleged occurrence and its effect upon the jury were tried upon evidence which is preserved in the record. Such conduct by a juror as is alleged here might of course work injustice and hardship in a given case. Judge Hammond, who had presided at the trial, died while the motion for a new trial was under submission, but Judge Mc-Call had all the evidence on the subject before him, and after full consideration of it overruled the motion. The granting or refusing a new trial is within the sound discretion of the trial court, and, speaking generally, the exercise of that discretion is not regarded as a proper subject of review by this court. Certainly, we can by no means say that the trial judge abused his discretion in this instance, and there appears to be no reason for departing from the rule of the appellate federal tribunals in such cases.

The judgment of the Circuit Court must be affirmed.