## J. W. BISHOP CO. v. DODSON.

(Circuit Court of Appeals, Fourth Circuit. March 12, 1907.)

### No. 668.

1. TRIAL—INSTRUCTIONS—APPLICABILITY TO ISSUES.

A request to charge that defendant was answerable only for negligence occurring prior to the accident, and not afterwards, was properly refused as not within the issues.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 587–595.]

2. MASTER AND SERVANT—INJURIES TO SERVANT—ACTIONS—INSTRUCTIONS—ISSUES.

Where, in an action for injuries to a servant, the jury were to determine whether or not defendant had failed either to furnish proper materials for the construction of a walkway, or to provide a competent foreman, to the injury of plaintiff, a request to charge that if the jury were satisfied that the accident happened either from the incompetency of the foreman or from defendant's failure to provide proper materials with which to construct the walkway, and were unable to decide from which cause the accident happened, then they should find for defendant, was

properly refused as restricting the jury too narrowly in its determination of the issues of fact.

**3. SAME—CONCURRING CAUSES.**

Where a servant's injury resulted both from the neglect of the master to provide proper materials and also from negligence of the foreman acting as a fellow servant, so that the two causes were commingled, the servant was still entitled to recover.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 515–534.

Concurrent negligence of master and fellow servant, see note to Maupin v. Texas & P. Ry. Co., 40 C. C. A. 236.]

In Error to the Circuit Court of the United States for the Western District of Virginia, at Danville.

Eugene Withers (Green, Withers & Green, on the brief), for plaintiff in error.

B. H. Custer, for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge. On July 20, 1903, William Dodson, the plaintiff below, an employé of the J. W. Bishop Company, the plaintiff in error in this court, while carrying two pails of cement across a walkway consisting of 2 planks 10 inches wide, placed for the purpose between two parallel piers about 13½ feet apart, fell to the ground below, a distance of 25 or 30 feet. He was seriously and permanently injured. He brought suit against the J. W. Bishop Company, and by the verdict of the jury was awarded $3,200. Judgment was entered against the defendant corporation for that amount, and it has brought the case to this court by writ of error.

The J. W. Bishop Company was engaged in constructing a concrete dam across the Dan river, and Dodson was one of its employés. He had been working for the company five or six weeks at work on the ground in the channel of the river, under a gang foreman named Aubin. The day of the accident a foreman named Monahan, who had charge of mixing the cement, took Dodson from where he was working and directed him to carry cement across the walkway to near where it was to be used. He had been carrying cement in two pails, one in each hand, across the walkway for about an hour, when, according to his testimony and that of other witnesses, one of the two planks broke under his weight, and he was precipitated to the ground some 25 or 30 feet below. There was evidence tending to show that the man whose place Monahan called Dodson to take had refused to work and complained to Monahan that the planks of the walk were unsafe, and that others had also complained of the unsafety of the walkway. There was evidence tending to show that Monahan was, to the knowledge of Craib, who was the general superintendent of the defendant company and in general charge of the construction of the dam, a reckless and incompetent man, unfit to act as foreman. There was evidence tending to show that the planks used for the walkway had been used in constructing the forms in which to mold the concrete in building the dam, and were weakened by nails, cuts, and knots, and were

152 F.—9

covered with cement which concealed the defects. A witness, Brown, a carpenter, testified that under the direction of Washburn, a foreman of the carpenters, and under the observation of Craib, the general superintendent, he built the runway of the old secondhand lumber with nail holes in it, and that it was made of two such planks, not cleated together.

The case was tried on the issues raised by the first and third counts of the plaintiff's second amended declaration. The first count alleged that the runway was constructed of planks which were weak, unsafe, and unsuitable, containing knots and cracks, which was known to the defendant company, or could have been known to it by the exercise of reasonable care and diligence, and that by reason of the said insufficiency the runway suddenly broke under the plaintiff, without any fault on his part. The third count alleged that the defendant placed over the plaintiff an incompetent, careless, and inefficient foreman, one John Monahan, as the defendant knew, or by the exercise of ordinary care could have known, and by the said foreman the plaintiff was directed to carry cement over a walkway known to said foreman to be of improper construction and dangerous, and, obeying said foreman, the plaintiff went upon the walkway, and it suddenly broke, carrying him with it to the bottom of the channel, to the injury of the plaintiff, without any fault on his part, and that said injury to the plaintiff resulted from incompetency of said foreman, which was known to the defendant company. These two counts very fully set out the plaintiff's cause of action, and specified explicitly the particulars in which the plaintiff alleged that the defendant had failed in its legal obligations, viz., that it had caused to be constructed a runway for which it had provided lumber of a weak and unsuitable kind, and had put over the plaintiff an incompetent and reckless foreman, who was known to the defendant to be so.

There was evidence which, if believed by the jury, fully sustained both these counts, and in the matter of pleading we find nothing assigned as error which calls for comment. A very similar case against the same defendant, arising out of a quite similar injury, tried by the same learned judge and by the same counsel, came before this court in J. W. Bishop & Co. v. Shelhorse, reported in 141 Fed. 643, 72 C. C. A. 337, in which similar questions of pleading were ruled upon.

In its defense in the present case the defendant corporation offered evidence tending to prove that the walkway was well made, of good material, and did not break, but that the plaintiff by reason of his own want of care fell off the walkway.

The court instructed the jury at the request of the plaintiff: (1) That in furnishing materials for the construction of the walkway the defendant company was bound to use reasonable ordinary care to provide reasonably safe and suitable material for the purpose, and that if the jury believed that the material furnished was not sufficient in quantity or reasonably safe, and that such unsafeness and insufficiency was known, or by reasonable care should have been known, to the defendant, and that by reason of such unsafeness or insufficiency the walkway collapsed while the plaintiff was on it in the performance of his duty, and without fault on his part threw the plaintiff to the bottom

of the wheel pit and injured him, then they should find for the plaintiff. At the instance of the plaintiff the court also instructed the jury that if they found that Monahan was the foreman or boss in charge of plaintiff at the time he was injured, and that said Monahan was incompetent or unreasonably reckless and negligent, and that such fact was known, or should by ordinary care have been known, to the defendant company prior to the injury, and that such incompetence or unreasonable recklessness and negligence was the proximate cause of the injury to the plaintiff, they should find for the plaintiff.

At the request of the defendant company the court instructed the jury:

"That if they believe from the evidence in this case that the platform or walkway in question did not break, but that the plaintiff, Dodson, fell therefrom by reason of failure on his part to exercise ordinary care and caution while crossing the same in the performance of the ordinary duties of his employment, then they must find for the defendant."

The court at the request of the defendant further instructed the jury that the employer is not a guarantor of the safety of his employé, and is required to exercise only reasonable or ordinary care and diligence in providing safe and suitable materials for the construction of and erection of platforms and other instrumentalities with and upon which his employé is to work, and is required to exercise only reasonable or ordinary care and diligence in inspecting such instrumentalities, and is required to exercise only reasonable or ordinary care and diligence in providing reasonably safe, competent, and efficient foremen and co-employés with whom his employé is to work. And at the request of the defendant further instructed the jury that if the jury believed from the evidence: (1) That the defendant exercised reasonable and ordinary care and diligence in the ordering, selecting, and providing materials necessary for the walkway, and ordinary care and diligence in erecting and constructing it, and in examining the same after it had been constructed, so as to reasonably provide for the safety of the plaintiff; and if the jury further believe from the evidence that the defendant company exercised ordinary or reasonable care and diligence in providing safe, competent, and efficient bosses or foremen under whom the plaintiff was put to work, and in providing reasonably safe, competent, and efficient co-employés with whom to work—then the jury must find for the defendant company, even though they believe from the evidence that the said walkway broke from some hidden, concealed, or latent defect in the materials supplied for its construction, which said defendant company did not know, or could not have ascertained by the exercise of reasonable or ordinary care and diligence. The court at the request of the defendant company further instructed the jury that the defendant was not the guarantor of the safety of Dodson, the plaintiff, and was not bound to provide only the best and safest instrumentalities, structures, and platforms, nor to exercise the highest skill and care in inspecting the same, nor to use the best method for their construction, nor to provide the best and safest place in which the plaintiff was to work, nor to provide the best and most efficient bosses and foremen, nor the best, most competent, and most efficient co-employés with whom to work, but only to exercise reasonable or

ordinary care to furnish such structures and platforms as were reasonably safe, and to exercise only reasonable or ordinary care in inspecting the same, and in providing a reasonably safe place and competent and efficient bosses and foremen and co-employés under whom and with whom to work, and that the plaintiff, Dodson, must have also used reasonable or ordinary care to protect and save himself from injury; and that, to entitle the plaintiff to recover, the burden of proof was on the plaintiff to show (1) that the walkway was defective, or that the material therein was defective; or (2) that the erecting and constructing of it was not done with reasonable or ordinary care; (3) or that reasonable or ordinary care was not used in providing reasonably safe, competent, or efficient bosses and foremen under whom to work, or reasonably safe, competent, and efficient co-employés with whom to work; and (4) that the plaintiff did not know that such ordinary care had not been exercised by the defendant company, and that the injury complained of happened in spite of ordinary care on Dodson's part. At the defendant company's request the court further instructed the jury that an employer is presumed to have performed all his duties to his employé, and that the negligence of the employer cannot be inferred from the mere occurrence of the accident, such as the fall of the walkway, and that fact alone did not raise even a prima facie presumption that the defendant company had been guilty of negligence or guilty of a breach of duty to the plaintiff, and it was incumbent on the plaintiff to show how and why the accident occurred, or some fact from which the jury could determine how and why the accident occurred. And the court at the request of the defendant further instructed the jury that if they believed from the evidence that the plaintiff had gone upon the projecting end of the plank forming the first walkway, and by its tilting the plaintiff lost his balance and fell, they must find for the defendant company although they believed from the evidence that the defendant failed to use ordinary or reasonable care in furnishing reasonably safe materials in sufficient quantities out of which to construct said walkway. And the court, of its own motion, instructed the jury:

"You cannot find for the plaintiff merely on the supposition that two planks, (if sound), made an insufficient structure, that is, on the idea that the walkway should have been broader or should have had hand railing. If the only defect was the want of greater width or want of a hand rail the defect was open and obvious and defendant is not liable for such defect."

We have recited the instructions given by the court with unusual fullness, that it may appear how explicitly the law favorable to the defendant was explained to the jury, and how carefully, by the granting of the instructions asked for by the defendant, the law protecting its rights was given to the jury. Other instructions asked for by defendant's counsel, but which were not given by the court, related in part to matters not in issue in the case, as that the defendant was answerable only for negligence occurring prior to the accident, and not afterwards. There was no basis in the case for a contention of that sort. That the defendant could not be held answerable in respect to a defect which was open and obvious; this, although it was not an issue made on the pleadings or the evidence, was given by the court in its own instruction in the form most pertinent to the case. The defend-

ant contended that the walkway was made of plank which was sound and without discoverable defect. The plaintiff's witnesses asserted that it was old, weak, and unsuitable, and by prior use had been covered with cement so that the defects were hidden at the time the plaintiff was injured. The foundation fact first to be found by the jury was, did the walkway break under the plaintiff's weight and let him fall, or did he fall off without its breaking? The jury were plainly told that, if they found that he fell off, the plaintiff could not recover.

Another instruction asked by the defendant, but not given by the court, was to the effect that if the jury were satisfied that the accident happened either from the incompetency of the foreman, Monahan, or from the failure of the defendant to provide proper materials with which to construct the walkway, and the jury were unable to decide from which cause the accident happened, then they should find for the defendant. It seems to us that this instruction as asked for by the defendant limited the jury in its determination of the issues of fact too narrowly. The jury were to determine under the instructions given them whether or not the defendant had failed in its duty, either to furnish proper material or to provide a competent foreman, to the injury of the plaintiff. Their verdict was to be a general one. They had no specific questions propounded to them for their answer. There was an abundance of testimony adduced by the plaintiff to support a finding in his favor on both the issues. If the jury, while obeying the instructions given by the court, arrived at a verdict, they could not be restricted to arriving at the result by each agreeing to the same view of each item of testimony. Moreover, if the plaintiff's injury resulted both from the neglect of the defendant to furnish proper materials and from some negligence of Monahan as a fellow servant, so that the two causes were commingled, then still the plaintiff was entitled to recover, for the reason that where the negligence of the master in not supplying proper material has a share in causing injuries to an employé, the master is liable notwithstanding the negligence of a fellow servant may have contributed to the accident. Gila Valley R. R. Co. v. Lyon, 203 U. S. 465, 27 Sup. Ct. 145, 51 L. Ed. ——.

There were exceptions by the defendants to the admission of certain questions and answers tending to show that the foreman, Monahan, was known to the defendant to be an unsafe, reckless foreman. We have examined them with care without finding in them any reversible error.

The law of the case appears to have been very carefully given to the jury, and the distinction observed that as to temporary structures and appliances constructed by the workmen themselves for use during the progress of the work the rule of safe place does not apply. This distinction was pointed out in a recent case in this court, Phœnix Bridge Co. v. Castleberry, reported in 131 Fed. 175, 65 C. C. A. 481, in which the opinion was written by the learned judge who tried the present case below.

We find no error prejudicial to the defendant, and the judgment is affirmed.