POSTAL TELEGRAPH-CABLE CO. v. BOX.†

(Circuit Court of Appeals, Fifth Circuit. March 7, 1911.)

No. 2,019.

TRIAL (§ 252*)—INSTRUCTIONS—INAPPLICABILITY TO EVIDENCE.

An instruction which assumes, contrary to the fact, that the parties to a contract had adopted the telegraph as a means of communication in reference to the contract, is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

In Error to the Circuit Court of the United States for the Northern District of Mississippi.

Action by C. B. Box against the Postal Telegraph-Cable Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

D. A. Scott, E. D. Saunders, Wm. C. Dufour, H. G. Dufour, and Henry Mooney, for plaintiff in error.

James Stone and T. B. Watkins, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. The rulings of the Circuit Court conformed to the opinion of this court when the case was here before. Box v. Postal Telegraph-Cable Co., 165 Fed. 138, 91 C. C. A. 172, 28 L. R. A. (N. S.) 566.

The only new question raised is the assignment that the trial court erred in refusing to give the following charge:

"I charge you, gentlemen of the jury, that where the telegraph is adopted as a medium of communication between parties contemplating a contract, the time when the telegram is deposited in the telegraph office, or delivered to the telegraph company for transmission, is the time from which the completion of the contract dates. And this rule as to acceptance applies, even though the telegram of acceptance does not reach the proposer."

Whether the charge states a correct legal proposition need not be considered, because the record shows affirmatively and without conflict that the parties to the contract did not adopt the telegraph as a medium of communication between them. When the option was signed, the parties were together. When Box telegraphed Brewer,

---

asking for an extension of the option, Brewer replied over the Cumberland telephone refusing the extension, and saying, in effect, that unless he had notice, by 12 o'clock that night, that the option was accepted, he would not sell. Brewer did nothing to indicate that he had adopted the telegraph as a medium of communication in reference to the contract. The charge was properly refused, if for no other reason, because it assumes, contrary to the fact, that the parties to the contract had adopted the telegraph as a means of communication in reference to the contract.

The judgment of the Circuit Court is affirmed.