### TACOMA RY. & POWER CO. v. TURNER.

(Circuit Court of Appeals, Ninth Circuit. May 20, 1912.)

No. 2,071.

1. CARRIERS (§ 321*)—INJURIES TO PASSENGERS—DEFECTIVE CAR—SNOW AND ICE—INSTRUCTIONS.

Where a passenger was injured by slipping on ice which had accumulated on the step of a street car on which he was riding as he was in the act of alighting, a request to charge that the fact that there was snow and ice on the step of the car constituted no evidence of defendant's negligence was properly refused, since the fact was a circumstance tending to show such negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326-1337, 1343; Dec. Dig. § 321.*]

2. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL OF REQUESTS.

In an action for injuries to a passenger while alighting from a car by slipping on an icy car step, instructions that it was the duty of the carrier to exercise a very high degree of care which required the cleaning off of ice and snow from the steps of the car when it left the barns in the morning, that it was also bound to use ordinary care to keep the steps free from ice and snow during the day if the snow that accumulated during the day as the movements of the car progressed was snow which should have been removed in the exercise of ordinary care, and, by reason of its being there plaintiff was injured, then that would be negligence, but, if it was an accumulation of snow of such character that the employés of such company in the exercise of ordinary care would not have removed it, but it might be there in spite of their exercise of ordinary prudence, then its existence would not be negligence, constituted a sufficient submission of the carrier's negligence, and warranted the refusal of an instruction that, if the jury found that the accumulation of snow and ice on the step could not have been prevented by ordinary care, it would be their duty to find for defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651-659; Dec. Dig. § 260.*]

In Error to the Circuit Court of the United States for the Western Division of the Western District of Washington.

Action by Granville Turner against the Tacoma Railway & Power Company. Judgment for plaintiff, and defendant brings error. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John A. Shackleford and Frank D. Oakley, both of Tacoma, Wash., for plaintiff in error.

J. A. Sorley, of Tacoma, Wash., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

ROSS, Circuit Judge.   The defendant in error brought this action in the court below to recover damages for personal injuries alleged to have been sustained by him because of the negligence of the defendant to the action, the plaintiff in error here.   The negligence alleged was that the defendant permitted snow and ice to accumulate upon the steps of one of its street cars on which the plaintiff was a passenger, and that in alighting at a street corner at which the car had stopped the plaintiff slipped upon one of the steps, because of the snow and ice so negligently permitted to accumulate, resulting in the injury for which he sued.   In its answer the defendant denied any negligence on its part, and set up affirmatively contributory negligence on the part of plaintiff.

The only one of the two points here presented that we can consider relates to the refusal of the court below to give to the jury a certain requested instruction.   We are unable to see how counsel for the plaintiff in error can say in their brief, as they do, that:

"Plaintiff himself testified that he saw no snow or ice on the steps when he boarded the car.   The car then ran about four miles, constantly taking on and letting off passengers throughout the snow-covered city.   These facts are uncontradicted."

Turning to the transcript, we find this in the testimony of the plaintiff:

"There were two steps on this car, and snow showed at each end of the step just as it apparently had fallen, and also showed a broken line clear through with toe marks here and there.   Where I slipped was simply ice, slick as glass, with an angle down.   Just as quick as my feet struck there, they flew from under me, and my back struck the step.   The ice was one or two inches thick at the rear of the steps, and down to a feather edge at the outer part of the step.   It covered the entire step.   The snow did not appear to be what passengers might have tracked in.   I remained on the car until I reached Thirty-Fifth and Stevens streets, about two blocks from my house.   Mr. Bisby and his son assisted me off the car, and assisted me home.   At that time I noticed the snow on the steps.   The weather that day was pretty cold. It was not thawing when I fell on the street.   There was no snow, but ice, on the paved street.   On this day I do not remember that any snow or sleet fell.   The day was quite cold, and on the day before I was working building a chimney, and, in order to work, we had to clean off quite a lot of snow to get at the work.   As the conductor picked me up, he remarked that I slipped on the ice of the step, and I said, 'It is a pity you could not clean it off.'   He said, 'I tried to clean it off and could not.'"

Of course, this was testimony tending to show negligence on the part of the defendant, which was one of the questions for the jury to determine.

The requested instruction which the court refused to give, and to which action the defendant reserved an exception, is as follows:

"I instruct you that the fact that there was snow and ice on the step of the car from which plaintiff was alighting at the time of his injury constitutes

no evidence of the negligence of the defendant. It is shown by the evidence that there was snow on the ground at the time of the accident. You will call to your aid your experience at a time like that, and, if you find that the accumulation of snow and ice on the step could not have been prevented by ordinary care, it will be your duty to find for the defendant."

[1] In the first place, the instruction was properly refused because of the first clause contained in it, which states that the fact that there was snow and ice on the step of the car from which the plaintiff was alighting at the time of his injury constitutes no evidence of the negligence of the defendant. It was certainly one of the circumstances tending to show such negligence.

[2] Besides, the court in its charge sufficiently and properly instructed the jury in respect to the law governing the case, as follows:

"This rule of law that I have explained, that refers to this very high degree of care, would apply to the cleaning off of any ice that might be upon the car when it leaves the shop or the car barn in the morning. The company would be bound to exercise this very high degree of care to see that its car when it starts out in the morning for the general business of transporting passengers is safe if it can be made safe by this very high degree of care. A different rule applies, however, to snow that accumulates upon a car during its ordinary use as the day progresses. The common experience of mankind is that in snowy weather that more or less snow is tracked in upon the car during the progress of snow storms. Of course, more or less snow alights upon the car. I understand the evidence here, if I am mistaken counsel will correct me, is uncontradicted that no snow fell upon the day of the accident, but the evidence is also uncontradicted that there was more or less snow upon the ground, in the neighborhood of seven inches, or at a later time reduced to five. Just how much was on the ground at the time of the occurrence is for you to say from the evidence. If snow which is upon the ground is tracked upon the car during its passing to and fro in the ordinary prosecution of business, the company is bound to remove that snow, but it is not bound to exercise that very high, extraordinary degree of care that I have mentioned.

"The employés upon the car have other duties to perform, and you are to consider the reasonable and practical operation of the car. The degree of care that should be exercised to remove snow that accumulates from being tracked in by passengers is the ordinary degree of care that is the usual care that an ordinarily prudent person would exercise under like circumstances and conditions. That is the usual rule of care that applies to the ordinary individuals in the ordinary affairs of life, namely, to exercise that degree of care and prudence which is commonly exercised by persons of ordinary care and prudence under like circumstances and conditions. If the snow accumulated there during the day as the movements of the car progressed, and it was snow which should have been removed in the exercise of that ordinary care and still remained there, and by reason of its being there the plaintiff was injured, then its being there was negligence. If, however, it was an accumulation of snow of such character that the employés of the company in the exercise of ordinary care would not have removed it, but might be there in spite of their exercise of ordinary prudence, then its existence would not be negligence."

The judgment is affirmed.