### WILLIAM SEBALD BREWING CO. v. TOMPKINS.

(Circuit Court of Appeals, Sixth Circuit. April 6, 1915.)

No. 2566.

1. NEGLIGENCE ⬅136—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

Though the evidence is substantially undisputed, the questions of negligence and contributory negligence should not be withdrawn from the jury, unless the evidence is so conclusive that all reasonable men, in the exercise of an honest and impartial judgment, can draw but one conclusion from the evidence and the reasonable inferences therefrom, considered in the light most favorable to plaintiff.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. ⬅136.]

2. MASTER AND SERVANT ⬅286, 289—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

In an action for injuries to an employé of a brewing company who was cleaning steam condensers on the roof of a building by the side of which boards were placed on which to stand, and who, in passing around the end of one of the condensers, stepped through a hole one or two feet from the board on which he was at work, and over which a window sash or skylight had been placed, where the evidence was conflicting as to whether the window sash lay flat upon the roof, or was raised some six inches or more from the roof, and whether a hop sack was spread entirely over the window sash, or only thrust into the opening where a pane was broken, and plaintiff testified that he did not remember ever being on the roof before, and that he had never noticed the hole, or the sash over it, the questions of negligence and contributory negligence were properly submitted to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050, 1059, 1090, 1092–1132; Dec. Dig. ⬅286, 289.]

---

**3. MASTER AND SERVANT ⬮115—LIABILITY FOR INJURIES—UNSAFE PLACE TO WORK.**

Where employés of a brewing company were from time to time sent to the roof of a building to clean steam condensers thereon, and boards were placed between and on each side of the condensers for them to stand on while so engaged, the part of the roof within a few feet of the boards was a part of the place furnished by the company for its employés to work, as to which it was its duty to keep such place in a reasonably safe condition.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 205, 206; Dec. Dig. ⬮115.]

**4. APPEAL AND ERROR ⬮977—REVIEW—DISCRETIONARY MATTERS.**

The action of the lower court in its disposition of a motion for a new trial for other matters addressed to its discretion will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3865; Dec. Dig. ⬮977.]

**5. TRIAL ⬮253 — ACTIONS FOR INJURIES — INSTRUCTIONS — IGNORING EVIDENCE.**

In an action for injuries to an employé, who fell through a hole in the roof of a brewery company's engine house, over which a window sash or skylight had been placed, where there was evidence that such hole was not originally intended as a skylight, but was only used as such after it ceased to be used as an opening through which to project a smokestack, that the hole was within a few feet of boards on which employés were required to work from time to time, and that the window sash was covered by a sack, an instruction that defendant had a right to put a skylight in its roof if it saw fit, and if such skylight was in such a position that persons going upon the roof in the proper use of their senses and sight could readily see it, then defendant was not negligent in having it there, was properly refused, though possibly sound as an abstract proposition, as it apparently assumed that the opening was an ordinary skylight, and ignored the facts as to its location or arrangement, and the fact that it was covered with a sack.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. ⬮253.]

**6. TRIAL ⬮250—INSTRUCTIONS—APPLICABILITY TO EVIDENCE AND ISSUES.**

The court is not required to give a special instruction, though it states a correct proposition of law, unless it is applicable to the issues joined and the evidence introduced.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. ⬮250.]

**7. TRIAL ⬮260—INSTRUCTIONS COVERED BY THOSE GIVEN.**

Where a subject was sufficiently covered by the court's charge, the court was not required to again charge in the language of a requested instruction on the same subject.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ⬮260.]

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; Howard C. Hollister, Judge.

Action by Ridley Tompkins against the William Sebald Brewing Company. Judgment for plaintiff, and defendant brings error. Affirmed.

E. W. Strong, of Cincinnati, Ohio, and B. F. Harwitz, of Middletown, Ohio, for plaintiff in error.

C. P. Johnson, of Cincinnati, Ohio, for defendant in error.

⬮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WARRINGTON and DENISON, Circuit Judges, and Mc-CALL, District Judge.

McCALL, District Judge. This case was tried to a court and jury, resulting in a verdict and judgment for the plaintiff below. The defendant brings the case here on writ of error.

At the close of all the evidence, the defendant below moved the court for a directed verdict in its favor. The motion was disallowed This is made the basis for the first two assignments of error, and they will be considered together. The grounds of the motion are:

First. "That the evidence did not show negligence on the part of the defendant." Second. "That upon the evidence the plaintiff was guilty of negligence as a matter of law."

It thus becomes necessary for this court to review the facts, about which there is no controversy, except in two particulars (referred to later), and they are in substance as follows:

Tompkins, who was about 33 years old, had been in the employ of the defendant in error (hereinafter called the company) as a laborer, for about 6 weeks before he was injured. The roof of the company's engine house was nearly flat, and was covered with tin. It had upon it two steam condensers, which were about 14 feet long, 3½ feet high, and 15 inches wide at the bottom. The condensers were parallel, not less than 1 foot apart, and had a board about 14 feet long, 1 foot wide, and 2 inches thick, on each side of and between them, on which persons stood while cleaning the condensers. The board upon which Tompkins stood while thus engaged, and from which he stepped and fell, was about 12 inches above the roof at one end and a greater distance at the other.

Prior to Tompkins' injury, a smokestack had projected through the roof, but had been removed. This left a round hole in the roof about 3 feet in diameter. Over this hole an ordinary window sash containing panes of glass had been placed (and by the company called a skylight), to furnish light to the room below. One of the panes of glass had been broken out. The sash was from 5 to 10 feet distant from the head of the stairway, by which Tompkins mounted to the roof. Nothing intervened between the head of the stairway and the place where the sash was to obscure Tompkins' vision. The sash was below, and 1 to 2 feet from the board on which Tompkins stood at work.

On the day of the injury, Tompkins was sent upon the roof by the engineer to finish cleaning the condensers, which work had been partly done by another in the forenoon of that day. He mounted to the roof by a stairway on the outside of the wall of the building, and walked around the place where the window sash or so-called skylight was, to the end of the board farthest away from the head of the stairway and stepped upon it. The board lay along the east side of the condensers. He worked from the south toward the north end of the condenser, moving backward.

The north end of the condenser had been cleaned in the forenoon, so that Tompkins finished cleaning the east side when he reached about the middle of it. In order to go around the condenser, and get upon

221 F.—57

the board that was between the two condensers, to continue his work, he stepped backward and down from the board upon which he was standing, onto the window.sash or skylight, and fell through to the concrete floor of the room below and was injured. Tompkins did not remember to have ever been on the roof before and had never noticed the hole in the roof or the sash over it.

The evidence is conflicting as to whether the window sash lay flat upon the tin roof, or lay upon flanges that surrounded the smokestack when it was in place, and thus raised some 6 inches or more from the roof. So, also, there is a conflict as to whether there was a hopsack spread entirely over the window sash or only thrust into the opening made by the broken pane.

In the light of this evidence, what was the duty of the trial judge in passing on the motion of the company for a directed verdict in its favor, made at the close of all the evidence?

[1] If the evidence be considered as being substantially undisputed, as counsel for the company insist, then, to warrant a directed verdict, it must be so conclusive that all reasonable men, in the exercise of an honest and impartial judgment, can draw but one conclusion therefrom; and in determining such question, all the evidence and reasonable inferences therefrom must be considered in the light most favorable to the plaintiff. Delk v. St. Louis & San Francisco Railroad Co., 220 U. S. 580, 31 Sup. Ct. 617, 55 L. Ed. 590; Crookston Lumber Co. v. Boutin, 149 Fed. 680, 79 C. C. A. 368, and citations.

[2] We observe that this is not a case wherein there is no conflict in the evidence, as to material matters. The fact is important whether the window sash lay flat on the roof, or was raised 6 or more inches above the roof, and upon this question the evidence is in conflict. In the latter case it would probably be more readily seen by one walking over the roof, or using it as Tompkins was, for the first time. This is especially true, since there was evidence tending to show that the improvised skylight was entirely covered with a hop sack.

It is a more important inquiry whether the so-called skylight was covered over, or whether the sack was bundled up and thrust in the opening made by the broken pane. If the window sash lay flat on the roof, and was covered over with a hop sack, one using the roof, without previous knowledge of the so-called skylight, would more likely step on it than if it was raised 6 or more inches above the roof and had only one of the openings for a pane closed with a sack.

The question of the negligence of the company in maintaining, as well as the contributory negligence of Tompkins in failing to see, the opening, may well be made to turn upon the manner in which the hole in the roof was closed and the extent of the covering on the window sash. In the case of Richmond & Danville Railroad Co. v. Powers, 149 U. S. 43, 13 Sup. Ct. 748, 37 L. Ed. 642, the Supreme Court say:

"It is well settled that where there is uncertainty as to the existence of either negligence or contributory negligence, the question is not one of law, but of fact, and to be settled by a jury; and this, whether the uncertainty arises from a conflict in the testimony, or because, the facts being undisputed, fair-minded men will honestly draw different conclusions from them"—citing Railroad Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745; Washington & George-

town Railroad v. McDade, 135 U. S. 554, 10 Sup. Ct. 1044, 34 L. Ed. 235; Delaware, Lackawanna & W. Railroad v. Converse, 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213.

And to the same effect are the cases of Grand Trunk Railroad Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485, and Texas & Pacific Railway Co. v. Harvey, 228 U. S. 319, 33 Sup. Ct. 518, 57 L. Ed. 852.

There being a conflict in the evidence, it was not the province of the court to weigh it. This court said, in considering a similar question:

"The motion must be overruled, where the testimony presented by the plaintiff, if believed by the jury, will support the petition"—citing cases. Big Brushy Coal & Coke Co. v. Williams, 176 Fed. 532, 99 C. C. A. 102.

In our opinion there was such testimony. The weight of the evidence and the extent and effect of the contradictions present questions for the jury, and we think it was not error in the trial court to overrule the motion for a directed verdict.

[3] Under these assignments, it is urged that the company was not derelict in its duty to Tompkins, in that it did not use ordinary care to furnish him with a reasonably safe place to work, for the reason that the roof over the engine room was not furnished by the company as a place for its employés to work. We do not think this position tenable, in the light of the evidence. It is true that the whole of the roof may not be considered such a place, but from the evidence it is clear that now and then it became necessary to clean the condensers situated on the roof; that employés were sent there to do the work; that substantial boards were substantially placed between and on each side of them for employés to stand upon while so engaged. Certainly it cannot be gainsaid that the boards and the portion of the roof under the boards were a place furnished by the company for its employés to work, and we think that any part of the roof, as near the boards as the portion of the roof was through which plaintiff fell, may well have been found by the jury to be a place furnished by the company for its employés to work. Whether the company discharged its duty in keeping it in a reasonably safe condition, is a different question.

[4] It is assigned as error that the court below refused to set aside the verdict of the jury upon the ground "that the verdict was not sustained by sufficient evidence." In Louisville & Nashville Railroad Co. v. Summers (6th Circuit) 125 Fed. 719, 60 C. C. A. 487, Judge Severens reannounced the rule that:

"This court * * * will not review the action of the lower court, in its disposition of a motion for a new trial or other matters addressed to its discretion." Big Brushy Coal & Coke Co. v. Williams, supra; I. C. Railroad Co. v. Coughlin, 145 Fed. 37, 75 C. C. A. 262.

The third and fifth assignments challenge the charge of the court, touching: (a) the question of the defendant's negligence; and (b) the plaintiff's contributory negligence. The record discloses the following:

"Mr. Strong: I desire also to except to your honor's charge upon the question of negligence and contributory negligence."

We are inclined to the opinion that the exception on which these assignments are based is too general (rule 11 of this court [193 Fed. vii, 112 C. C. A. vii]) to support the assignments. However, after an attentive examination of that part of the charge to which, in a general way, the reserved exception seems to point, we conclude that there is no prejudicial error in either particular. Porter v. Buckley, 147 Fed. 140, 78 C. C. A. 138.·

[5] A more difficult question arises under the fourth assignment, which is based upon the court's refusal to give in charge the following special request, viz.:

"The defendant had a right to put a skylight in that roof, if it saw fit; and if that skylight was in such a position that persons going upon the roof, in the proper use of their sense of sight, could readily see it, then the defendant was not negligent in having it there."

We are· not prepared to say that the special request, as an abstract proposition, is not sound, and that, in a proper case, it should be given in charge. In the instant case, however, the question is fairly raised whether the opening through which Tompkins fell was a skylight in the ordinary acceptation of that word. There is evidence tending to show that the opening was not originally intended, nor used, for that purpose, but was so improvised after it ceased to be used for an opening through which to project a smokestack. The jury might well have found from the evidence, as perhaps it did, that the opening was not intended nor used as a skylight (although it would necessarily admit light while open, or only covered with glass), in view of the manner of its construction and the further fact, as the jury might well have found, that the window sash, lying over the opening, was covered with a hop sack. It is not usual to find a skylight in the tin roof of an engine room, nor to find one constructed as this one was; and it seems that it would be very unusual to find a skylight covered with an opaque substance which would shut out the light.

The vice in the request, as it seems to us, lies in the assumption that the opening was the ordinary skylight and that it was plain to be seen. It omits any reference to the question of its location or arrangement or the evidence tending to show that it was wholly covered, to say nothing of the fact that the defendant in its answer more than once states "that over said skylight a cloth had been placed." While the request may be sound, standing alone, it should have been qualified, so as to make it applicable to the facts in the case. If given, it would have been to ignore the evidence tending to show the improper location of the so-called skylight, and that it was covered with a sack. It would have dug up by the roots that portion of the general charge in which the question of the company's negligence was submitted to the jury. In substance, it would have instructed the jury that the company was not guilty of negligence.

[6, 7] The trial court is not required to give in charge to the jury a special request merely because it states a correct proposition of law, but, as made, it must be applicable to the issues joined and the evidence introduced on the trial. Rothe v. Pennsylvania Co. (6th Circuit), 195 Fed. 27, 114 C. C. A. 627; Postal Telegraph-Cable Co. v. Box,

185 Fed. 489, 107 C. C. A. 589; Grady v. St. Louis Transit Co., 169 Fed. 400, 94 C. C. A. 622; Bishop Co. v. Dodson, 152 Fed. 128, 81 C. C. A. 346; Allen v. Field, 144 Fed. 841, 75 C. C. A. 668; American Surety Co. v. Choctaw Co., 135 Fed. 487, 68 C. C. A. 199; Frizzell v. Omaha St. Ry. Co., 124 Fed. 176, 59 C. C. A. 382. Moreover, we think the charge, taken as a whole, sufficiently covered the subject, and the court was not required to again charge on this particular question, in the exact language of the special request. Tacoma Ry. & Power Co. v. Turner, 196 Fed. 484, 116 C. C. A. 258; Griffin Wheel Co. v. Smith, 173 Fed. 245, 97 C. C. A. 411; Porter v. Buckley, 147 Fed. 140, 78 C. C. A. 138; I. C. R. R. Co. v. Coughlin, 145 Fed. 37. 75 C. C. A. 262.

Other errors assigned have been considered, but we do not deem them of sufficient importance to warrant a further discussion. We find no prejudicial error in the record.

Affirmed, with costs.